1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TROY TERRELL McNEAL,

11          Petitioner,                    No. CIV S-05-0577 MCE CMK

12          vs.

13   DERREL G. ADAMS, et al.,[1]

14          Respondents.              ORDER AND
     _____/    FINDINGS & RECOMMENDATIONS

15

16          Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  On May 9, 2005, the court granted the petitioner

18   thirty days to file an amended petition.  On May 31, 2005, petitioner filed the relevant amended

     petition.

19

20          The exhaustion of state court remedies is a prerequisite to the granting of a

21   petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

22   be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[2]  A waiver of exhaustion,

23          [1] Pursuant to court order, petitioner filed an amended petition on May 9, 2005 and May
     31, 2005.  The court will consider his May 31, 2005 filing because it is complete.  In his
24   amended petition filed May 31, 2005, petitioner names Derrel G. Adams as the respondent and
     appears to delete the People of the State of California and Bill Lockyer.
25

26          [2] A petition may be denied on the merits without exhaustion of state court remedies.  28
     U.S.C. § 2254(b)(2).

1

1  thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

2  providing the highest state court with a full and fair opportunity to consider all claims before

3  presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.

4  Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

5          After reviewing the amended petition for habeas corpus, the court finds that

6  petitioner has failed to exhaust state court remedies.  The claims have not been presented to the

7  California Supreme Court.  Further, there is no allegation that state court remedies are no longer

8  available to petitioner.  Accordingly, the petition should be dismissed without prejudice.[3]

9          Petitioner has also requested that this federal case be stayed until he completes

10  any filing he may have in state court.  Petitioner's basis for this request is an ambiguous assertion

11  of newly discovered evidence.  See Rhines v. Weber, 125 S.Ct. 1528, 1532-33 (2005).  The court

12  will deny his request for stay because his federal petition was not exhausted.

13          The respondents filed a request to modify the scheduling order to afford them

14  thirty additional days in which to file an answer.  The court will deny respondents' request as

15  moot.

16          Good cause appearing, IT IS HEREBY ORDERED that:

17          1.  Petitioner's request to stay his case filed June 3, 2005, is denied without

18  prejudice;

19          2.  Respondents' request to modify the scheduling order is denied as moot; and

20          3.  The Clerk of the Court is directed to serve a copy of these findings and

21  recommendations together with a copy of the petition filed in the instant case on the Attorney

22  General of the State of California; and

23

24          [3]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the

25  conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other

26  collateral review is pending.  28 U.S.C. § 2244(d).

1    IT IS HEREBY RECOMMENDED that petitioner's application for a writ of

2    habeas corpus be dismissed for failure to exhaust state remedies.

3    These findings and recommendations will be submitted to the United States

4    District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

5    twenty days after being served with these findings and recommendations, petitioner may file

6    written objections with the court.  The document should be captioned "Objections to Findings

7    and Recommendations."  Petitioner is advised that failure to file objections within the specified

8    time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

9    (9th Cir. 1991).

10

11   DATED:   July 15, 2005.

12

13   _____
     **CRAIG M. KELLISON**
14   UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26